Davis, J.,
delivered the opinion of the court:
Compensation is claimed in this case for defendants’ alleged use of a device patented bjr plaintiff’s testator of cartridge-case extractors intended for the breech-loading guns upon which Letters Patent No. 494917 were issued. Plaintiff’s testator *127 (Dashiell) was at the time of his invention an officer in the Navjr, charged with civil engineering work under the Ordnance Bureau at Indianhead (in the State of Maryland, upon the Potomac River), the Government ground for testing Navy ordnance. He was an assistant inspector (afterwards an inspector) of ordnance at the dates of moment in this action.
While assistant inspector of ordnance Dashiell submitted to the Bureau of Ordnance drawings of a breech mechanism. November 1,1890, he applied for a. patent on this mechanism, which was granted February 9, 1892, and numbered 468331. This patent did not cover an extractor, although the drawings submitted to the Bureau of Ordnance had included an extractor, and the specification contained this clause:
“One or more ordinary or suitable extractors are secured to the front end of the plug for effecting the withdrawal of empty cartridge shells or cases from the guns.”
The extractor so submitted to the Bureau of Ordnance was not satisfactory, and Dashiell submitted a second device, which when tried on a 4-inch gun in July, 1891, was efficient. This was the first actual firing test of the breech mechanism and extractor.
January 22, 1892, Dashiell agreed with the Bureau of Ordnance (contemplating the issue to him of a patent for his invention) that defendant should manufacture (for the term of the patent) “ guns containing the patented improvements, and to use and sell the same.” Eor this privilege defendants agreed to' pay $125 as a “license fee upon every gun manufactured * * * containing the patented improvements.” Before this Dashiell had orally informed the Chief of Ordnance that he intended to patent, if possible, the second extractor, and would wish pay for it as well as for the breech mechanism. To this suggestion no reply was made. _
The second extractor (the one now in question) is covered by Letters Patent No. 494917, issued April 4, 1893.
The claim made in this case is for the use by defendants of “ a certain extractor for use in breech-loading guns,” covered by this patent No. 494917, at the rate of $45 each. It is the extractor alone that is presented for our consideration. In Ms brief counsel “waives any contention in this case except upon the fourth claim * * *, which is as follows: ‘In a *128 breech-loading gun of the character described the combination with the breech plug D, slotted at d, and barring the projection d' of the extractor a, comprising the curved hook a sloping at A, and provided with shoulders a\ the bar a4 provided with a projection a3 and the hook ac, and spring d secured to the back of said bar, substantially as for the purposes described.’ The questions are, therefore, as'to the patentable quality of a certain combination considered as a unit, the use and the value of such use by defendants.”' (Plaintiff’s brief, p. 12.)
The only express contract in this case is that of January 22, 1892, which plaintiff correctly contends does not cover the extracting device. Any contract by which defendants became bound to compensate Dashiell for his alleged invention must be implied from the circumstances disclosed in- the findings of fact. These show that Dashiell, plaintiff’s testator, an officer of the United States Navy, performing (at the period under consideration) shore duty under the Bureau of Ordnance, submitted drawings of a breech mechanism to that Bureau. Later he applied for a patent, which in due course was issued (No. 468331). This patent is not now in question.
In October, 1890, Dashiell submitted to the Ordnance Bureau drawings of “ certain improvements in breech-loading ordnance,” with a view of having them adopted by defendants. The device was adopted, and January 22, 1892, prior to the patent under consideration, an agreement was entered into-between the inventor (plaintiff’s intestate) and the “Bureau of Ordnance, Navy Department,” of which the material points were in substance as follows: Dashiell licensed the Bureau to manufacture, under certain conditions, during the term of the patent, guns containing the patented improvement, and to use "and sell them. The Bureau agreed to make returns twice a year of all guns “containing the patented improvements manufactured by them;” the Bureau agreed to pay “as a license fee” one hundred and twenty-five dollars for each gun manufactured by them containing the “patented improvements,” and Dashiell reserved the right to terminate the contract upon failure of payment without loss of license fees then due. Later, in a letter dated April 9, 1893, Dashiell *129 offered to sell to tbe Bureau of Ordnance for a specified royalty tbe sbop license to manufacture tbe improvements in cartridge-case extractors, for wbicb a patent was granted April 4, 1893 (No. 494917).
In November, 1890, Dasbiell submitted to the Department of the Navy the device now in question, afterwards covered by the Letters Patent No. 494917. In the autumn of 1891 Dasbiell notified the Chief of Ordnance that be would expect compensation for the use of bis invention should he secure a patent therefor, and soon after the patent was issued he offered the Chief of Ordnance to sell to defendants a license to use the extractor at certain prices.
The agreement of January 22,1892, did not in express terms embrace the extractor device; this was not patented until April 4, 1893 (No. 494917). the inventor, an officer in the Navy who bad been employed more especially in ordnance work, in March, 1891, notified the Chief of Ordnance of the Navy that be intended to apply for a patent upon bis device for a cartridge-ease extractor, and if successful that be should expect compensation for use of the invention. October 31, 1892, be did appty for a patent; he received it in due course and, April 4, 1893, promptly after its issue be applied to the Ordnance Bureau for a contract. August 10, 1893, the Bureau answered: “The Bureau has had your proposition for purchase of sbop license to manufacture an extractor under consideration, and has thought no decision should be reached pending the suit regarding breech mechanism. (1) the Bureau is of opinion that if you are paid for the use of the mechanism that would include pajr for the extractor, as the mechanism can not be considered effective without a proper extractor; (2) if, however, you are not allowed royalty for the breech mechanism the Bureau can then consider the extractor as a separate claim.”
Sx^eedy and certain extraction from tbe gun of tbe empty shell after discharge is an essential element of any rapid firing device, and this Dasbiell aimed to accomplish; that be achieved reasonable success in bis effort is shown by tbe Government’s agreement with him as to tbe manufacture of guns containing bis patented improvements; this contract necessarily related *130 to breech-loading rifles in which metal cartridges were used, hence an extractor was necessary and Dashiell’s extractor was then in fact in use by defendants.' The Bureau of Ordnance intended to compensate Dashiell for. the use of his device, which was deemed valuable, but naturally this intention covered the whole device; it can not be held to have covered a portion only unless such intention is evident. The agreement, however, shows nothing of the kind; it recites that a patent “for an improvement in breech-loading ordnance” will be granted to Dashiell, who licenses defendant to manufacture guns containing the “patented improvements;” that is, all the “patented improvements..” The language of this license contains no words tending to limit its plain and natural import, to. wit, that whatever was patented was covered by it. The license is not limited in effect to any portion of the device, but it'empowers defendants to manufacture “guns containing the patented improvements” — that is, all the patented improvements then the subject of discussion, examination, or negotiation; so the license foe is to be paid for “every gun?’ containing the patented “ improvements,” and the agreement is based upon the desire of defendants to manufacture guns containing the improvements to be covered by the patent in contemplation.
In fact, the Government has received the benefit of only one element of breech mechanism, even if it have received that (as to which we express no opinion), and nothing in the findings shows any intention on defendants’ part to use that element alone or to recognize any rights of Dashiell in it or any value in it as a separate mechanism. The license does not cover the claim in the case made upon defendants and the facts do not disclose a contract by implication for the use of the extractól-as a separate device.
Petition dismissed.